**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Blanche G. Creswell, Appellant,

v.

Robin Culbertson, Chip Culbertson, d/b/a Asheville Cotton Company, and Asheville Cotton Company, Respondents.

Appellate Case No. 2015-001667

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2017-UP-147
Submitted January 1, 2017 – Filed April 5, 2017

**AFFIRMED**

Gregory Alan Morton, of Donnan & Morton, PA, of Greenville, for Appellant.

James P. Walsh and John D. Harjehausen, both of Clarkson Walsh Terrell & Coulter, PA, of Greenville, for Respondents.

**PER CURIAM:** Blanche G. Creswell appeals the dismissal of her personal injury action for lack of personal jurisdiction over the defendants. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Moosally v. W.W. Norton & Co.*, 358 S.C. 320, 327, 594 S.E.2d 878, 882 (Ct. App. 2004) ("It is well-settled that the party seeking to invoke personal jurisdiction over a non-resident defendant via our long-arm statute bears the burden of proving the existence of personal jurisdiction."); *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005) ("The question of personal jurisdiction over a nonresident defendant is one which must be resolved upon the facts of each particular case."); *id.* ("The decision of the trial court [regarding whether it can exercise personal jurisdiction] should be affirmed unless unsupported by the evidence or influenced by an error of law."); *Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 434, 665 S.E.2d 660, 666 (Ct. App. 2008) (noting the plaintiff's failure "to make any allegations or produce any evidence a South Carolina resident purchased any product from or because of [the defendant's] website, or that the website was particularly directed at South Carolinians" as a reason to reject the argument that certain statements in the website warranted a finding that South Carolina had personal jurisdiction over the defendant).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.